**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EARNEST      SCOTT      III,
SHAREKA  SCOTT,  and  DEJUN
WEST,

       *Plaintiffs,*                                    **CASE NO.:**

v.

FLORIDAYS          RESORT
MANAGEMENT  CO.,  LLC,  and
PARAMOUNT      HOSPITALITY
MANAGEMENT,  LLC,

      *Defendants.*     /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs  Earnest Scott III ("**E. Scott**"), Shareka Scott ("**S. Scott**"), and

DeJun  West  ("**West**")  file  this  action  against  Defendants  Floridays  Resort

Management    Co.,    LLC    ("**Floridays**")    and    Paramount    Hospitality

Management, LLC ("**Paramount**") as follows:

### INTRODUCTION

1.     Plaintiffs  are husband,  wife, and son. They are African-American.

Plaintiffs  were guests at the resort owned by Floridays ("**Resort**"). E. Scott, a

food truck owner, was preparing for a Father's Day event while staying at the

Resort  when  he  and  Scott  were  confronted  by  Defendants'  Director  of  Guest

Services, Michael Driscoll ("**Dir. Driscoll**").

2.      Dir. Driscoll approached the pair aggressively, badgered them with questions regarding their presence on the property, and accused them of unauthorized activity. Despite confirming Plaintiffs were registered guests, had received parking instructions, and had received a pass at check-in, Dir. Driscoll continued badgering them for personal details, made a racially charged statement, and demanded the family vacate the premises. Dir. Driscoll further escalated the situation by calling law enforcement, who issued a no-trespass warning and directed the family to vacate the premises. Plaintiffs were paying guests, within their legal right to be on the property. They were targeted due to their race, publicly humiliated, and made to suffer emotional distress.

3.      This is an action for discrimination in violation of 42 U.S.C. § 1981.

## PARTIES

4.      Plaintiff **E. Scott** is a resident of St. Lucie County, Florida.

5.      Plaintiff **S. Scott** is a resident of St. Lucie County, Florida.

6.      Plaintiff **West** is a resident of St. Lucie County, Florida

7.      Defendant **Floridays Resort Management Co., LLC** is a Florida company with its principal place of business in Sarasota, Florida. Floridays runs a vacation resort destination offering travel accommodations. Floridays owns the Resort located at 12562 International Dr, Orlando, FL 32821.

8.     Defendant **Paramount Hospitality Management, LLC** is a Florida company with its principal place of business in Orlando, Florida. Paramount manages and operates the Resort located at 12562 International Dr, Orlando, FL 32821.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for claims arising under 42 U.S.C. § 1981.

10.     This Court has personal jurisdiction over Defendants because Defendants continuously conduct business within this District.

11.     Pursuant to 28 U.S.C. § 1391, venue is proper in this district because Defendants are subject to personal jurisdiction in this District and because the acts complained of herein occurred in this District.

## GENERAL ALLEGATIONS

12.     On June 16, 2024 (Father's Day), E. Scott parked his food truck on the Resort premises. E. Scott and West were walking back to the food truck to continue prepping food for the day's event when E. Scott greeted a stranger by wishing him a Happy Father's Day.

13.     As E. Scott approached the food truck, he noticed that the stranger, whom he would later learn was Dir. Driscoll, followed him to the food truck. Driscoll accosted the pair saying, "what are you doing out here? I know you're not out here selling food!"

3

14. Dir. Driscoll continued following E. Scott and West, aggressively badgering them with questions. Dir. Driscoll demanded to know who gave E. Scott permission to be on the premises and to park the vehicle on the property.

15. Confused and concerned, E. Scott stopped walking and calmly explained to Dir. Driscoll why he was on the property, expecting his explanation to deescalate the situation and stop Dir. Driscoll from following and badgering him and his son.

16. E. Scott explained that they were guests at Floridays, had checked in the previous night on June 15, 2024, and were preparing for an event. E. Scott inquired as to why Dir. Driscoll was accosting him in such a hostile manner.

17. To E. Scott's surprise, this angered Dir. Driscoll even more. Dir. Driscoll became increasingly more furious, and yelled "who checked you in and what is your room number?"

18. E. Scott explained yet again that he was a guest at the resort, and had even been a guest in the past for a different event.

19. E. Scott assured Dir. Driscoll that there were no restrictions regarding parking the food truck on the premises. His statement was reinforced by the fact that there was a number of plainly visible campers, tractor trailers, and RVs also parked on the premises in close proximity to the food truck.

4

20.    Still confused, E. Scott asked Dir. Driscoll what the difference was between him parking his trailer where it was located and the other guests parking their commercial vehicles on the premises.

21.    Dir. Driscoll replied: "they have permission to be here," and "*you people don't!*"

22.    Dir. Driscoll told E. Scott that Plaintiffs were to vacate the property.

23.    E. Scott requested to speak to the manager. Dir. Driscoll insisted that *he* was the manager. Dir. Driscoll refused to provide E. Scott with another person to speak with but continued demanding E. Scott's name and room number.

24.    Realizing that Dir. Driscoll was not interested in having a respectful conversation, E. Scott contacted S. Scott to see if she could call Dir. Driscoll at the front desk to get a better perspective on the situation. On the phone, S. Scott asked to speak with a manager. Dir. Driscoll again insisted that he was the manager.

25.    S. Scott asked to speak to someone else.

26.    Due to Dir. Driscoll's behavior, S. Scott asked to file a complaint.

27.    Dir. Driscoll insisted that she could file the complaint with him.

28. S. Scott requested that Dir. Driscoll provide her with his supervisor's contact information in order to file the complaint. Dir. Driscoll adamantly refused.

29. The only explanation Dir. Driscoll gave for his conduct was that he was the manager, and this was his property.

30. Dir. Driscoll behaved in such an unsavory manner despite the fact that the family were told where to park the food truck and provided with a parking pass by the front desk attendant upon check in the previous day.

31. Dir. Driscoll continued badgering the family with more questions, wanting to know the name of the attendant.

32. This was all done in an effort to make the family feel unwelcome on Defendants' property.

33. E. Scott explained again that this was not the family's first time at the Resort and they had never before encountered any issues regarding their food truck.

34. Dir. Driscoll became more agitated, exclaiming, "where does it show that fucking food trailers are allowed?"

35. The family reserved a two-night stay at the resort, but Dir. Driscoll demanded that the family remove the food truck from the Resort premises.

36. E. Scott attempted to speak to someone else at the Resort regarding the parking issue but was told that there was not a corporate

6

number he could call, and the only recourse available was to leave his contact information with the manager, Dir. Driscoll.

37. Law enforcement arrived at the Resort, and asked to speak with E. Scott and S. Scott.

38. E. Scott saw Dir. Driscoll speaking with the responding officers before they spoke to E. Scott and S. Scott.

39. The officers then approached E. Scott and S. Scott and told them to vacate the premises within two hours.

40. Dir. Driscoll also requested a trespassing warning against E. Scott and S. Scott.

41. S. Scott again requested the information for the corporate office or Dir. Driscoll's supervisor, but he said "I'm sure she can google that information–google it!"

42. Plaintiffs were forced to leave the premises.

43. Defendants targeted the Plaintiffs due to their race.

44. Defendants embarrassed Plaintiffs and caused them emotional distress. Defendants' actions were disgraceful, disrespectful, and unprofessional.

45. Defendants' conduct directly prevented E. Scott, S. Scott, and West from patronizing the resort in a manner that white guests enjoy.

46.     Though E. Scott, S. Scott, and West were once repeat customers, they have never returned to the Resort.

## COUNT I –VIOLATION OF 42 U.S.C. § 1981
### (as to both Defendants)

47.     Plaintiffs repeat and reallege Paragraphs 1 through 44 as if fully set forth herein.

48.     In operating a resort for the general public, Defendants extended to Plaintiffs an offer to accept a contract.

49.     Plaintiffs accepted that offer and checked in to the Resort.

50.     Defendants refused to honor their    contract with Plaintiffs by preventing them from being able to utilize the premises for its intended purpose, remain guests in the room, and experience a stay in the manner enjoyed by white citizens.

51.     But for Plaintiffs' race, Defendants would not have engaged in such conduct.

52.     Plaintiffs were discriminated against because of their race.

53.     By discriminating against Plaintiffs because of their race, Defendants denied Plaintiffs the same right to enjoy the benefits, privileges, terms, and conditions of contracts as is and was enjoyed by non-black citizens, in violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981).

54. Defendants each acted with malice or with reckless indifference to Plaintiffs' federally protected rights.

55. Defendants' management knowingly countenanced, approved, and engaged in the racial discrimination complained of.

56. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages including emotional distress, humiliation, loss of dignity, and other damages.

57. Plaintiffs are entitled to compensatory and punitive damages, to the fullest extent permitted by 42 U.S.C. § 1981.

## **REQUEST FOR RELIEF**

Plaintiffs respectfully request the Court enter judgment in their favor as follows:

    a. Compensatory damages resulting from Defendants' respective violations of 42 U.S.C. § 1981 to the fullest extent permitted by law;

    b. Punitive damages to punish Defendants' respective violations of 42 U.S.C. § 1981 to the fullest extent permitted by law;

    c. Pre-judgment and post-judgment interest;

    d. An award of costs and reasonable attorneys' fees; and

    e. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all claims.

Dated: October 28, 2025,

Respectfully submitted,

By: */s/ Christopher S. Prater*
Christopher S. Prater
Florida Bar No.: 105488
cprater@pollardllc.com
**LEAD COUNSEL**

Kheana Pollard
Florida Bar No.: 1029129
kpollard@pollardllc.com

Jonathan E. Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com

**Pollard PLLC**
401 E. Las Olas Blvd., #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorneys for Plaintiffs*