**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EARNEST SCOTT, III, SHAREKA
SCOTT, and DEJUN WEST,

        Plaintiffs,

v.                                                          Case No:   6:25-cv-2073-LHP

FLORIDAYS RESORT
MANAGEMENT CO., LLC and
PARAMOUNT HOSPITALITY
MANAGEMENT, LLC,

        Defendants

## ORDER[1]

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended

Complaint.   Doc. No. 18.   Plaintiffs respond in opposition.   Doc. No. 26.   For the

reasons that follow, Defendant's motion (Doc. No. 18) will be **DENIED**.

## I.      BACKGROUND.

Plaintiffs Earnest Scott, III, Shareka Scott, and Dejun West (individually "E.

Scott," "S. Scott," and "West," collectively "Plaintiffs") instituted this civil rights

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.   *See* Doc. Nos. 19, 21–22.

action against Defendants Floridays Resort Management Co., LLC ("Floridays") and Paramount Hospitality Management, LLC ("Paramount") (collectively "Defendants") by complaint filed on October 28, 2025.   Doc. No. 1.   The operative pleading is Plaintiffs' amended complaint, filed on January 2, 2026.   Doc. No. 16. In the amended complaint, Plaintiffs bring one claim against both Defendants for violation of their rights under 42 U.S.C. § 1981.   *Id.*

As alleged in the amended complaint,[2] Floridays runs a vacation resort destination offering travel accommodations on International Drive in Orlando, Florida ("the Resort"); Paramount also manages and operates the Resort.   Doc. No. 16 ¶¶ 7–8.   Defendants employ Michael Driscoll ("Director Driscoll") as Director of Guest Services, who directs all aspects of guest services for the Resort.   *Id.* ¶¶ 1, 7–8, 14.

Plaintiffs E. Scott and S. Scott are married, and they are both African American; Plaintiff West is their son.   *Id.* ¶ 1.   On June 16, 2024, Plaintiffs were guests at the Resort.   *Id.* ¶¶ 1, 12.   On that day, E. Scott, a food truck owner, parked his food truck at the Resort, in close proximity to other campers, tractor trailers, RVs, and commercial vehicles owned by other non-black guests.   *Id.* ¶¶ 1, 12, 20–

---

[2] At the motion to dismiss stage, courts must assume "that all the [factual] allegations in the complaint are true (even if doubtful in fact)."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

21.  Plaintiffs were instructed to park the food truck in that location and provided with a parking pass by a front desk attendant upon check-in the previous day.  *Id.* ¶¶ 2, 31.

On June 16, 2024, E. Scott and West were approaching the food truck to prepare for a Father's Day event, when Director Driscoll confronted them.  *Id.* ¶¶ 1, 12.  Director Driscoll followed them to the food truck, "aggressively badgering them with questions," and demanded to know who gave them permission to be on the premises and to park the food truck on the property.  *Id.* ¶¶ 2, 15.  E. Scott repeatedly explained that Plaintiffs were guests at the Resort, had checked in the previous day, were preparing for an event, and they had been Resort guests in the past.  *Id.* ¶¶ 16–17, 19, 34.  Director Driscoll demanded the identity of who checked Plaintiffs into the Resort, as well as their room number and the identity of the attendant who provided the parking pass.  *Id.* ¶¶ 18, 32.  In light of the other commercial vehicles parked nearby, E. Scott asked Director Driscoll for the difference between him and the other non-black guests who also parked their commercial vehicles at the Resort, and Director Driscoll responded, "they have permission to be here," and "*you* people don't."  *Id.* ¶¶ 20–22 (emphasis in original).  Director Driscoll demanded that Plaintiffs vacate the property.  *Id.* ¶ 23. Plaintiffs asked to speak to a manager, but Director Driscoll insisted that he was the

manager, refused to provide them with any other person to speak with, and refused to provide his supervisor's contact information. *Id.* ¶¶ 24–30; *see also id.* ¶¶ 37, 42.

Director Driscoll's conduct also "became more agitated," to include expletives lodged at Plaintiffs. *Id.* ¶ 35. Even though Plaintiffs had reserved a two-night stay at the Resort, Director Driscoll demanded that they remove the food truck from the premises. *Id.* ¶ 36. Director Driscoll called law enforcement, who arrived and spoke with Director Driscoll first. *Id.* ¶¶ 2, 38–39. Thereafter, law enforcement gave Plaintiffs two hours to vacate the premises, and Plaintiffs were forced to leave. *Id.* ¶¶ 40, 43. Director Driscoll also requested a trespass warning against Plaintiffs. *Id.* ¶ 41. Plaintiffs allege that Director Driscoll's conduct was motivated based on Plaintiffs' race, and that Defendants targeted them based on their race. *Id.* ¶¶ 33, 45; *see also id.* ¶¶ 53–57. Plaintiffs allege that Defendants, through Director Driscoll, prevented Plaintiffs from patronizing the Resort in the same manner that white guests enjoy, and Plaintiffs have never returned to the Resort. *Id.* ¶¶ 47–48.

Defendants now move to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. No. 18. Plaintiffs respond in opposition. Doc. No. 26. The matter is ripe for review.

## II.    LEGAL STANDARD.

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)).

## III.    ANALYSIS.

Plaintiffs bring one claim against both Defendants under 42 U.S.C. § 1981. Doc. No. 16.   To state a claim under § 1981, Plaintiffs must allege "(1) intentional racial discrimination (2) that caused a contractual injury."   *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021) (citing *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004)).   "A contractual injury includes any injury relating to 'the making, performance, modification, [or] termination of [the] contract[ ],' or to 'the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"   *Id.* (citing 42 U.S.C. § 1981(b)).[3]

"[A]    plaintiff    may    establish    racial    discrimination    directly    or circumstantially."   *Ziyadat*, 3 F.4th at 1296 (citation omitted).   "To state a claim for direct racial discrimination, a plaintiff must allege the overt invocation of race by the alleged discriminator—for instance, the use of a racial slur or racially charged language."   *Id.* (citing *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891

---

[3] Defendants do not argue that Plaintiffs have failed to establish a contractual injury, so the Court presumes such element is satisfied for purposes of this Order.   *See generally Dorsey v. WoodSpring Suite*, No. 5:19-cv-426-Oc-30PRL, 2019 WL 4853025, at *2 (M.D. Fla. Sept. 11, 2019), *report and recommendation adopted*, 2019 WL 4805560 (M.D. Fla. Oct. 1, 2019) ("[M]ost [§ 1981 hotel accommodations cases] typically involve a situation where a plaintiff was either denied a room or evicted from a room because of his or her race."); *Arasteh v. LuxUrban Hotels Inc.*, No. 24-21990-CIV, 2024 WL 4370890, at *3 (S.D. Fla. Oct. 2, 2024) (allegation of forcible premature removal from the hotel was sufficient to allege actual contractual interest).

(11th Cir. 2007) (finding intentional discrimination can be established directly where defendant's employee used a racial slur)).  "A Section 1981 plaintiff seeking to prove racial discrimination by circumstantial evidence may proceed under the *McDonnell Douglas* burden-shifting framework, originally developed for Title VII claims."  *Horton v. Beacon Woods E.*, No. 8:25-cv-01259-WFJ-CPT, 2025 WL 3089014, at *5 (M.D. Fla. Nov. 5, 2025) (citing *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220 n.5 (11th Cir. 2019)).  "To make out a prima facie case, the plaintiff must point to comparators of a different race who were 'similarly situated in all material respects' and were not subject to the same mistreatment."  *Ziyadat*, 3 F.4th at 1296 (citing *Lewis*, 918 F.3d at 1229).

Here, Defendants contend that Plaintiffs fail to state a claim for two reasons: (1) there are insufficient facts alleged in the operative complaint to show intentional race discrimination; and (2) Plaintiffs improperly attempt to impose vicarious liability on Defendants for Director Driscoll's conduct.  Doc. No. 18.  For the reasons argued by Plaintiffs in response (Doc. No. 26), the Court finds these arguments unpersuasive.

Specifically, Defendants argue, without citation to any legal authority in support, that Plaintiffs' allegations of race discrimination are too conclusory because Director Driscoll's questions alleged in the complaint were standard questions any guest could be asked and unconnected to race, and Director Driscoll's

questions and demands were only related to the food truck and nothing else.   Doc. No. 18, at 7–9.   But Defendants ignore allegations of the amended complaint that refute this argument, including that Director Driscoll called Plaintiffs "*you* people," did not treat non-black owners of commercial vehicles the same way, yelled expletives at Plaintiffs, and that Director Driscoll targeted them due to their race. Doc. No. 16 ¶¶ 2, 20–22, 31, 35, 45.   Defendants also are asking the Court to make inferences based on the facts alleged, such that Director Driscoll's comments were "standard," or unconnected to Plaintiffs' race, which is more akin to a summary judgment argument than a motion to dismiss.   *Cf. Summers v. Hyatt Corp.*, No. 6:23-cv-955-CEM-EJK, 2023 WL 12187748, at *3 (M.D. Fla. Nov. 21, 2023) ("All that matters at this stage is what Plaintiff has alleged in her Complaint.   This Court— and the parties—must consider only the allegations in the Complaint and accept them as true for the purposes of Defendants' Motion.").

Given that the Court must accept the facts of the amended complaint as true, the Court finds the operative complaint sufficient, at this point, to withstand Defendants' motion to dismiss.   *See Ziyadat*, 3 F.4th at 1296–97 (vacating order granting motion to dismiss § 1981 claim where the plaintiff, who was Arab, alleged that he was evicted from the hotel for engaging in same, "entirely appropriate[]" conduct as non-Arab hotel guests and eviction was based on his race); *Summers*, 2023 WL 12187748, at *3 (denying motion to dismiss § 1981 complaint where the

plaintiff alleged she was denied valet service at hotel based on her race); *Arasteh v. LuxUrban Hotels Inc.*, No. 24-21990-CIV, 2024 WL 4370890, at *3 (S.D. Fla. Oct. 2, 2024) (S.D. Fla. Oct. 2, 2024) (denying motion to dismiss § 1981 claim where the plaintiff alleged a night manager at the hotel spewed racial slurs and threats at the plaintiff, "a dark-skinned, racial minority male[;]" and the daytime manager, aware of that conduct, forcibly removed the plaintiff from the premises before the end of his stay); *see also Flournoy v. Omni Hotels Mgmt. Corp.*, No. 1:19-CV-1128-RP, 2020 WL 5644881, at *6 (W.D. Tex. Sept. 21, 2020) (denying motion to dismiss § 1981 claim where the African American plaintiff alleged that he was singled out and harassed by hotel employees when no similarly situated white hotel guest received the same treatment).

As to Defendants' vicarious liability argument, this too fails to persuade. Defendants rely on one case—*Jerome v. Hertz Corp.*, 15 F. Supp. 3d 1225, 1234 (M.D. Fla. 2014). But *Jerome* is inapplicable here, as not only did that case involve a motion for summary judgment, rather than a motion to dismiss, but it was also an employment discrimination case. Thus, Defendants' reliance on *Jerome* is unpersuasive.

As set forth above, Plaintiffs allege that Defendants both authorized and intended Director Driscoll to conduct business on their behalf, Doc. No. 16 ¶¶ 7–8, that Director Driscoll directed all aspects of guest services for both Defendants at

the Resort, *id.* ¶ 14, that Defendants acted through Director Driscoll, *id.* ¶ 45, and that "Defendants' management knowingly countenanced, approved, and engaged in the racial discrimination" alleged in the complaint, *id.* ¶ 57.   At this stage, Plaintiffs' allegations are sufficient to survive a motion to dismiss, and Defendants cite no legal authority to the contrary.   *See generally Summers*, 2023 WL 12187748 (section 1981 case against corporate hotel owner for conduct of hotel's valet employee); *Arasteh*, 2024 WL 4370890 (section 1981 case against corporate hotel owner based on conduct of hotel's managers); *cf. Ziyadat*, 3 F.4th 1291 (complaint sufficient to allege § 1981 claim against corporate hotel operator based on racial animus of its non-decisionmaking employee that caused hotel eviction by decision-making employee); *see also Boggs v. Home Depot, Inc.*, No. 21-CV-06750 (PMH), 2023 WL 1779690, at \*4 (S.D.N.Y. Feb. 6, 2023) ("[A]t the motion to dismiss stage, it is sufficient for Plaintiffs to allege that the [the persons engaged in discrimination] were individual employees and managers [of the defendant entity].").[4]   Whether

---

[4] The Court notes that Defendants argue that "Plaintiffs generally allege that both Defendants employ Mr. Driscoll.   Plaintiff does not identify which entity employs Defendant."   Doc. No. 18, at 10.   This statement is not only confusing, but it is also unsupported by citation to legal authority.   *Id.*   In any event, the amended complaint clearly alleges that both Defendants employ Director Driscoll and that they are equally liable for Director Driscoll's actions, and joint liability is permissible under § 1981.   Doc. No. 16, *e.g.*, ¶¶ 7–8, 44–45, 52–53.   *Cf. Flournoy*, 2020 WL 5644881, at \*7 (stating that "Rule 8 does not prohibit collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant," and finding § 1981 complaint was properly pleaded against multiple defendants where the plaintiff alleged that the defendants were equally liable and both owned and operated the hotel at issue, with their employees engaging in the discriminatory conduct).

Plaintiffs ultimately prevail on their § 1981 claim, "of course, will be determined at summary judgment and, if necessary, a trial."   *See Ziyadat*, 3 F.4th at 1299.

## IV.   CONCLUSION.

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 18) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2026.

_____

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

- 11 -